| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address<br><br>ZEV SHECHTMAN (State Bar No. 266280)<br>zs@DanningGill.com<br>MICHAEL G. D'ALBA (State Bar No. 264403)<br>mdalba@DanningGill.com<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067-6006<br>Telephone: (310) 277-0077<br>Facsimile: (310) 277-5735<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for Movant,* City of El Monte | FOR COURT USE ONLY<br><br>**FILED & ENTERED**<br><br>**JAN 26 2023**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** evangeli **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –** *LOS ANGELES* **DIVISION**

| In re:<br><br>CROWN ESTATES HOLDINGS, LLC<br><br><br><br><br><br><br><br><br>Debtor(s). | CASE NO.: 2:23-bk-10058-BB<br>CHAPTER: 11<br><br>**ORDER GRANTING MOTION FOR**<br>**(1) RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362, AND**<br>**(2) RELIEF FROM TURNOVER UNDER 11 U.S.C. § 543 BY PREPETITION RECEIVER OR OTHER CUSTODIAN**<br><br>DATE:    January 24, 2023<br>TIME:    10:00 a.m.<br>COURTROOM: By Zoom Video or in person at<br>PLACE:    Courtroom 1539<br>             255 E. Temple St.<br>             Los Angeles, CA 90012 |

**Movant/Lender** (*name*):    City of El Monte

1. The Motion was:    ☒ Opposed    ☐ Unopposed    ☐ Settled by stipulation
2. The Motion affects the following real property (Property):

    *Street Address:*    9860, 9866, 9680, and 9874 Gidley Street
    *Unit Number:*
    *City, State, Zip Code:*    El Monte, California 91731

    Legal description or document recording number (*including county of recording*):

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*    Page 1    **F 4001-1.RFS.CUST.ORDER**

1705109.1  27129

LOT 3: GIDLEY PIERSON TRACT LOT COM AT MOST N COR OF LOT 3:

CENSUS TRACT #4323.00 IN THE CITY OF EL MONTE, COUNTY OF LOS

ANGELES, AS PER MAP RECORDED IN BOOK 21, PAGE 64 OF MAPS, IN

THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

☐ See attached page.

3. The Motion is granted under:  ☒ 11 U.S.C. § 362(d)(1)   ☐ 11 U.S.C. § 362(d)(2)   ☐ 11 U.S.C. § 362(d)(3)

4. As to Movant, its successors, transferees and assigns (Movant), the stay of 11 U.S.C. § 362(a) is:

   a. ☐ Terminated as to Debtor and Debtor's bankruptcy estate.
   b. ☐ Annulled retroactively to the date of the bankruptcy petition filing.
   c. ☒ Modified or conditioned as set forth in Exhibit 1 to this order.

**Relief from stay to foreclose:**

5. ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6. ☐ Movant shall not conduct a foreclosure sale before the following date: _____.

**Annulment, modification, and/or relief from stay regarding custodianship proceedings:**

7. ☒ **Turnover excused; stay annulled**: Pursuant to 11 U.S.C. § 543(b)(1), the Movant and the Custodian (and their agents) are excused from the requirement for immediate turnover of the Property. The stay is annulled to allow all issues regarding the custodianship to be determined by the Custodian's Appointing Court as if this bankruptcy case had not been commenced.

8. ☐ **Turnover required; stay modified to allow Appointing Court to complete custodianship proceedings:** Pursuant to 11 U.S.C. § 543 (b)(2), Movant and Custodian (and their agents) are required to turnover any property of the Debtor, held by the Custodian as of the commencement of the bankruptcy case, to the debtor in possession or to the appointed trustee within _____ days of the entry of this order. The stay is modified to permit the following proceedings before the Appointing Court:

   a. The Custodian is excused from filing with the bankruptcy court an accounting and request for approval of compensation under 11 U.S.C. § § 543(b)(2) and (c)(2), and is authorized to file with the Appointing Court a final report and account and request for order approving compensation and reimbursement of costs and expenses in accordance with non-bankruptcy law.

   b. The Appointing Court may hear and determine all issues related to the appropriateness of the accounting and amounts of compensation requested, including any postpetition period prior to the entry of this order, and may authorize payment out of any funds in the possession of the Custodian that have not been required to be turned over to the Debtor or bankruptcy trustee.

   c. The Appointing Court may proceed as allowed by non-bankruptcy law to terminate the custodianship and exonerate any bond or undertaking as may be appropriate.

   d. The Custodian is authorized to file an appropriate motion in the bankruptcy court pursuant to 11 U.S.C. § 543(c)(2) to seek an order from this court approving payment of compensation and reimbursement approved by the appointing court from funds that have been turned over to the Debtor or bankruptcy trustee.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                Page 2                                **F 4001-1.RFS.CUST.ORDER**

1705109.1  27129

9. ☐ **Turnover required; all further custodian proceedings to be before the Bankruptcy Court:** Pursuant to 11 U.S.C. § 543(b)(2), Movant and Custodian (and their agents) are required to turnover any property of the Debtor, held by the Custodian as of the commencement of the bankruptcy case, to the debtor in possession or to the appointed trustee within _____ days of the entry of this order. The Custodian is further ordered to file in the court and serve on Movant, the Debtor, and any trustee appointed in the bankruptcy case by (*specify date*): _____.

    a. An accounting of any property of the Debtor or proceeds thereof that has been received by the Custodian.
    b. A conformed copy of the appointing order.
    c. A motion for payment of compensation for services rendered and costs and expenses incurred by such Custodian.

10. ☐ **Adequate protection required:** The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this order.

11. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this order. The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency. Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

12. **Scope of relief:** This court further orders as follows:

    a. ☐ This order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the Bankruptcy Code.
    b. ☒ The 14-day stay provided by FRBP 4001(a)(3) is waived.
    c. ☒ See attached continuation page for additional provisions.   See Exhibit 1 attached hereto

###

Date: January 26, 2023

Sheri Bluebond
United States Bankruptcy Judge

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                        Page 3                        F 4001-1.RFS.CUST.ORDER

1705109.1  27129

# EXHIBIT "1"

The automatic stay is lifted to permit the Receiver confirmed in Los Angeles Superior Court case no. 21STCV26110 to sell the Property subject to the approval of the Los Angeles Superior Court. The proceeds remaining after payment of liens, all ordinary closing costs, taxes, and brokers' commissions (the "Net Sale Proceeds") shall be subject to the jurisdiction of the Bankruptcy Court. The Receiver shall hold the Net Sale Proceeds in trust in the account of the Receiver pending further order of the Bankruptcy Court. The relief granted herein is without prejudice to any other relief to be sought by parties in interest including, but not limited to, dismissal of this bankruptcy case.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*      Page 4      **F 4001-1.RFS.CUST.ORDER**

1705109.1  27129