1  ZEV SHECHTMAN (State Bar No. 266280)
   *zs@DanningGill.com*
2  MICHAEL G. D'ALBA (State Bar No. 264403)
   *mdalba@DanningGill.com*
3  DANIELLE R. GABAI (State Bar No. 339242)
   *DGabai@DanningGill.com*
4  DANNING, GILL, ISRAEL & KRASNOFF, LLP
   1901 Avenue of the Stars, Suite 450
5  Los Angeles, California 90067-6006
   Telephone: (310) 277-0077
6  Facsimile: (310) 277-5735

7  Attorneys for City of El Monte

8

9                    **UNITED STATES BANKRUPTCY COURT**

10                   **CENTRAL DISTRICT OF CALIFORNIA**

11                        **LOS ANGELES DIVISION**

| | |
|---|---|
| 12  In re | Case No. 2:23-bk-10058-BB |
| 13  CROWN ESTATES HOLDING, LLC, | Chapter 11 |
| 14          Debtor and Debtor-in-Possession. | **CITY OF EL MONTE'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE AND DECLARATION OF RYAN BAKER IN SUPPORT THEREOF** |
| | Date:    March 29, 2023 |
| | Time:    10:00 a.m. |
| | Place:   By Zoom Video or in person at Courtroom 1539 |
| | 255 E. Temple St. |
| | Los Angeles, CA 90012 |

23

24         **PLEASE TAKE NOTICE** that on March 29, 2023, at 10:00 a.m., or as soon thereafter as

25  the matter may be heard, in Courtroom 1539 of the United States Bankruptcy Court, 255 E. Temple

26  Street, Los Angeles, California, the City of El Monte (the "City"), as a creditor and party in interest

27  with respect to the estate of Crown Estates Holding, LLC (the "Debtor") in the above-captioned

28  chapter 11 case (the "Bankruptcy Case"), will move the Court and, contemporaneously herewith,

1709398.1  27129                          1

has filed an amended motion for an order dismissing the Bankruptcy Case for "cause" pursuant to 11 U.S.C. § 1112(b)(1) (the "Amended Motion").

The City's Motion to Dismiss Chapter 11 Case Pursuant to 11 U.S.C. Section 1112(b)(1) (the "Motion") (doc. no. 54), filed on February 28, 2023, has been amended to: (1) renumber the exhibits for clarity; and (2) update some of the facts and exhibits, particularly, in light of the fact that the sale of the Gidley Property, as defined in the Amended Motion, has closed as of March 2, 2023.  The hearing date and time is unchanged because the Amended Motion is being filed well in advance of 21 days before the hearing date as required by the Local Bankruptcy Rules.

The Amended Motion is based upon this Amended Notice of Motion served on all creditors, the contemporaneously filed Amended Motion, and accompanying Memorandum of Points and Authorities, Request for Judicial Notice and Declaration of Ryan Baker, the papers and pleadings on file in this case, and such other evidence as may be presented to the Court.

**PLEASE TAKE FURTHER NOTICE** that pursuant to Local Bankruptcy Rule 9013-1(f), any opposition or response to the Motion must be filed and served at least 14 days before the date of the hearing. Pursuant to Local Bankruptcy Rule 9013-1(h), the Court may treat the failure to timely file documents as consent to the relief requested in the Motion.

DATED:  March 2, 2023                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


                                         By:        */s/ Danielle R. Gabai*
                                         _____
                                               DANIELLE R. GABAI
                                               Attorneys for City of El Monte

1709398.1  27129                              2

## MEMORANDUM OF POINTS AND AUTHORITIES

## I.

## INTRODUCTION

The City seeks dismissal of the Debtor's Bankruptcy Case because its continued pendency serves no legitimate bankruptcy purpose. Following a long history of mismanagement by the Debtor dating back to at least April 2020, the Debtor's only asset, the Gidley Property, is in the possession, custody, and control of a state court receiver (the "Receiver"). The Court has excused turnover of the Gidley Property and has lifted the automatic stay to allow the consummation of a sale by the Receiver in State Court. The sale closed on March 2, 2023. With no means to formulate a plan or otherwise rehabilitate the Debtor's finances, "cause" exists within the meaning of section 1112, to dismiss or convert the case to a chapter 7. With no further assets for a trustee to administer and no claims to pursue, conversion to chapter 7 would serve no purpose. Thus, the City requests that the Court enter an order to dismiss the Debtor's Bankruptcy Case.

## II.

## STATEMENT OF FACTS

**A.    Factual Background**

On March 22, 2019, the Debtor purchased 9860, 9866, 9680, and 9874 Gidley Street, El Monte, California (the "Gidley Property"). Mr. Jay Hooper owns 100 percent of the interest in the Debtor. See Exhibit "A" to the Baker Decl. In Support of City's RFS Motion (doc. no. 15).

On July 15, 2021, the City of El Monte commenced a civil action in the Superior Court against Crown and certain other entities (the "State Court Action"). The City alleged that unlicensed businesses were being run at the Gidley Property and the City sought the appointment of a receiver for the Gidley Property. See Exhibit "2" to Request for Judicial Notice In Support of City's RFS Motion (doc. no. 17).

1        On or about May 9, 2022, the State Court appointed Ryan Baker as receiver over the Gidley

2 Property (the "Receiver"). See Exhibit "A" to Baker Decl. In Support of City's RFS Motion (doc.

3 no. 15).

4        The Receiver marketed the Gidley Property for sale. See the attached Declaration of Ryan

5 Baker in Support of the City's Motion to Dismiss ("Baker Decl.") at ¶¶ 4-5. On November 30,

6 2022, the Receiver entered into an agreement with Hersel Saeidy to sell the Gidley Property for

7 $17 million (the "Saeidy Sale"). Baker Decl. at ¶ 6.

8        On January 5, 2023, the Receiver filed in the State Court Action an ex parte application to

9 approve the Saeidy Sale and to enjoin the secured creditor from foreclosing on the Gidley Property.

10 Baker Decl. at ¶ 9.

11        On January 5, 2023, Crown filed a voluntary petition for relief under chapter 11 of title 11

12 of the United States Code (the "Bankruptcy Case").

13

14 **B.**     **Bankruptcy Background**

15        On or about January 12, 2023, Crown filed a Motion for Turnover of Property by Custodian

16 Pursuant to 11 U.S.C. § 543 (the "Debtor's Turnover Motion") (doc. no. 8), seeking to recover

17 possession of the Gidley Property from the Receiver.

18        On or about January 13, 2023, the City filed its Motion for Relief from Stay (the "RFS

19 Motion") (doc. no. 13), which requested both: (a) relief from stay to continue the State Court

20 Action in all respects; and (b) relief from turnover under section 543.

21        On or about January 26, 2023, the Court entered the Order Denying the Debtor's Turnover

22 Motion (doc. no. 45), and the separate Order Granting the City's RFS Motion (doc. no. 46), thereby

23 excusing turnover of the Gidley Property and ordering the following relief:

24       The automatic stay is lifted to permit the Receiver confirmed in Los
      Angeles Superior Court case no. 21STCV26110 to sell the Property

25       subject to the approval of the Los Angeles Superior Court. The
      proceeds remaining after payment of liens, all ordinary closing costs,

26       taxes, and brokers' commissions (the "Net Sale Proceeds") shall be
      subject to the jurisdiction of the Bankruptcy Court.

27

28       The Receiver shall hold the Net Sale Proceeds in trust in the account
      of the Receiver pending further order of the Bankruptcy Court. The

1  relief granted herein is without prejudice to any other relief to be
2  sought by parties in interest including, but not limited to, dismissal of
   this bankruptcy case.

3  A copy of the Order Granting the City's RFS Motion is attached herewith to the Request for

4  Judicial Notice as Exhibit "1."  A copy of the Court's tentative ruling issued in advance of the

5  hearing on the turnover motion and RFS Motion is attached herewith to the Request for Judicial

6  Notice as Exhibit "2."

7  Following the Court's order granting the City relief from the automatic stay, the Receiver

8  submitted an application to the Superior Court to approve the Saeidy Agreement and the sale of the

9  Property.  Baker Decl. at ¶ 10.

10  On January 31, 2023, the Superior Court entered its Order Granting the Court-Appointed

11  Receiver's Ex Parte Application to Approve the Hersel Saeidy Purchase and Sale Agreement and to

12  Find Compliance with the Contemplated Court-Ordered "Stalking Horse" Bid and Overbid

13  Procedure ("Approval Order").  See Exhibit "3" to the Baker Decl.  Additional details regarding the

14  marketing and sale closing process are described in the attached Baker Declaration.

15  On February 22, 2023, IRP 3B made demand for amounts due under the terms of the

16  financing arrangement with Debtor ("IRP 3B Payoff Demand").  See Exhibit "4" to the Baker

17  Decl.

18  The closing of the sale occurred on March 2, 2023.  See Exhibit "5" to the Baker Decl.

19  Once the liquidation is completed the Receiver will review claims, object to or settle claims if

20  necessary or appropriate, and pay creditors what they are allowed under applicable state law and

21  pursuant to a court order of the Superior Court.  Baker Decl. at ¶ 14.

22

23  **III.**

24  **LEGAL DISCUSSION**

25  **A.    CAUSE EXISTS TO DISMISS OR CONVERT UNDER 11 U.S.C. § 1112(b)(1)**

26  A party in interest may move to dismiss a chapter 11 case under Bankruptcy Code section

27  1112(b)(1).  Dismissal of a chapter 11 case under 11 U.S.C. § 1112(b) requires a two-step analysis.

28  "First, it must be determined that there is 'cause' to act.  Second, once a determination of 'cause'

1    has been made, a choice must be made between conversion and dismissal based on the 'best

2    interests of the creditors and the estate.'"  Nelson v. Meyer (In re Nelson), 343 B.R. 671, 675

3    (B.A.P. 9th Cir. 2006) (quoting Ho v. Dowell (In re Ho), 274 B.R. 867, 877 (B.A.P. 9th Cir.

4    2002)).  If "cause" for dismissal or conversion is shown, the court must dismiss or convert the case

5    unless the court determines that, instead, a chapter 11 trustee should be appointed.  11 U.S.C. §

6    1112(b)(1).

7         The bankruptcy court has broad discretion in determining what constitutes adequate "cause"

8    to support dismissal under section 1112(b).  Pioneer Liquidating Corp. v. United States Trustee (In

9    re Consol. Pioneer Mortg. Entities), 248 B.R. 368, 375 (B.A.P. 9th Cir. 2000), aff'd, 264 F.3d 803

10   (9th Cir. 2001).  A non-exclusive list of what constitutes "cause" is found in section 1112(b)(4), but

11   the court should "consider other factors as they arise, and use its equitable powers to reach the

12   appropriate result in individual cases."  Consol. Pioneer Mortg. Entities, 248 B.R. at 375 (quoting

13   H.R. No. 95–595, 95th Cong., 1st Sess. 405–06 (1977)).

14        Under section 1112(b)(4), "cause" exists where there is "continuing loss to or diminution of

15   the estate and absence of a reasonable likelihood of rehabilitation," "gross mismanagement of the

16   estate," or "inability to effectuate substantial consummation of a confirmed plan."  11 U.S.C. §

17   1112(b)(4); In re Bay Area Material Handling, Inc., 76 F.3d 384 (9th Cir. 1996) (cause existed

18   where debtor demonstrated inability to reorganize and debtor's lack of operations, income,

19   inventory, and employees indicated continuing loss to or diminution of the estate and absence of a

20   reasonable likelihood of rehabilitation); see also In re Johnston, 149 B.R. 158, 162 (9th Cir. BAP

21   1992) (cause existed where debtor lacked income indicative of reasonable likelihood of

22   rehabilitation and creditors not likely to be satisfied if case remained in Chapter 11).

23        Additionally, a "finding that the debtor filed a chapter 11 petition in bad faith, standing

24   alone, may justify its dismissal or conversion."  In re Chu, 253 B.R. 92, 95 (S.D. Cal. 2000) (citing

25   In re Marsch, 36 F.3d 825, 828 (9th Cir. 1994) (per curiam).  "The test [of good faith] is whether a

26   debtor is attempting to unreasonably deter and harass creditors or attempting to affect a speedy,

27   efficient reorganization on a feasible basis."  Marsch, 36 F.3d at 828.

28

1      Here, the Debtor's gross mismanagement of the Gidley Property dates back to April 2020

2  and resulted in the appointment of a state court receiver.  This Court considered the extensive

3  record of the Gidley Property's mismanagement in its determination to relieve the Receiver of its

4  turnover obligations.  See the Court's tentative ruling relating to that issue, a copy of which is

5  attached to the Request for Judicial Notice at Exhibit "2."  Absent the Receiver's prior

6  appointment, the mismanagement of the Gidley Property alone would have constituted cause for

7  dismissal of this Case.

8      Furthermore, like the debtors in <u>Bay Area Material Handling</u> and <u>Johnston</u>, the Debtor is

9  unable to demonstrate any ability to reorganize or rehabilitate.  The Debtor has no cash and it's

10 only asset, the Gidley Property, is under the formal control of the Receiver and the sale of that

11 property has already closed.  Baker Decl. at ¶ 13.  By this Court's order, the automatic stay has

12 been lifted and the Debtor lacks any further assets or sources of income that could serve as a basis

13 for reorganization.  Further, the Debtor's history demonstrates no reasonable likelihood of any

14 rehabilitation of its finances.

15     Lastly, cause exists because the Debtor filed this Bankruptcy Case in bad faith.  Having

16 already lost formal control over the Gidley Property in the State Court Action and facing its

17 imminent sale by the Receiver, the Debtor filed this Bankruptcy Case as a last resort tactic to have

18 the property turned over to the Debtor.  The Debtor's history of mismanagement and lack of other

19 assets or income demonstrate no reasonable likelihood of reorganization or rehabilitation.  The

20 Bankruptcy Case was not filed for purposes of reorganization, but rather to prolong and delay the

21 sale by the Receiver.  Thus, sufficient cause exists to dismiss or convert this Case.

22

23 **B.      DISMISSAL OF THE CHAPTER 11 BANKRUPTCY CASE IS IN THE BEST**

24 **INTEREST OF THE CREDITORS AND THE ESTATE**

25     Once it is determined that "cause" exists, the Court must determine whether to convert or

26 dismiss the case based on what is in the best interest of creditors and the estate.  <u>In re Nelson</u>, 343

27 B.R. 671, 675 (B.A.P. 9th Cir. 2006); <u>In re Staff Investment Co.,</u> 146 B.R. 256, 260 (Bankr. E.D.

28 Cal. 1993).

The element of the best interest of *creditors* can be resolved by considering the interest of a "single creditor with a large enough claim." In re Staff Inv. Co., 146 B.R. 256, 261 (Bankr. E.D. Cal. 1992) ("[T]here is no specific numerosity requirement inherent in section 1112(b) best interest test. The interest of a single creditor with a large enough claim will suffice") (citing Goodrich v. Lines, 284 F.2d 874, 877 (9th Cir. 1960)).

The element of the best interest of the *estate* focuses upon whether the economic value of the estate is greater inside or outside of bankruptcy. In re Staff Inv. Co., 146 B.R. at 261; see also In re Mense, 509 B.R. 269, 285 (Bankr. C.D. Cal. 2014) (finding dismissal in the best interest of the estate because economic value would diminish rather than improve considering significant administrative fees and costs associated with a conversion to chapter 7).

Additional factors considered by bankruptcy courts include the existence of (i) claims to pursue, (ii) assets to liquidate or administer, or (iii) unresolved motions, contested matters, or adversary proceedings. In re Greenfield Drive Storage Park, 207 B.R. 913, 917 (B.A.P. 9th Cir. 1997) (citing In re Citi–Toledo Partners, 170 B.R. 602, 609 (Bankr. N.D. Ohio 1994) (finding that existence of claims that a trustee could pursue strongly favors conversion)); Rand v. Porsche Fin. Servs., Inc. (In re Rand), 2010 WL 6259960, *10 (B.A.P. 9th Cir. 2010) ("where there are few if any assets to administer, and the estate appears to be administratively insolvent, dismissal would often be the better course"); see also In re Tornheim, (Bankr. S.D.N.Y. 1995) 181 B.R. 161, 168 (finding that conversion does not serve the interest of the creditors or the estate where debtors had no property that a chapter 7 trustee could administer); In re Henson, 289 B.R. 741, 754 (Bankr. N.D. Cal. 2003) (finding conversion appropriate where interests would be better served by a chapter 7 trustee to recover potential assets through avoidance and maintain orderly distribution).

Under the circumstances, conversion to chapter 7 would serve no legitimate bankruptcy purpose and be of no further benefit to creditors or the estate. Because the Gidley Property was the Debtor's only asset, the administration of the Debtor's estate by a chapter 7 trustee would serve no purpose. Relief from the automatic stay was granted to allow the Receiver to sell the Gidley Property under the supervision of the State Court. No further assets exist for a trustee to liquidate. No adversary proceedings exist and the motions and contested matters have been resolved.

1    Accordingly, conversion to chapter 7 would only result in further accrual of administrative

2   expenses, decreased funds available for all creditors, and a waste of judicial time and resources.  At

3   the same time, as demonstrated in the attached declaration of the Receiver, there is already a

4   receivership estate tasked with completing the administration of the Gidley Property, and its

5   proceeds, including resolving the claims of all creditors.  Thus, it is in the best interest of the estate

6   and its creditors to dismiss the chapter 11 case.

7

8                                            **IV.**

9                                   **<u>CONCLUSION</u>**

10    For the foregoing reasons, the City respectfully requests that the Court dismiss the Debtor's

11   Bankruptcy Case for cause pursuant to 11 U.S.C. § 1112(b)(1) and grant such other relief deemed

12   just and proper by this Court.

13

14   DATED:  March 2, 2023                    DANNING, GILL, ISRAEL & KRASNOFF, LLP

15

16                                    By:  _____*/s/ Danielle R. Gabai*_____

17                                         DANIELLE R. GABAI
                                          Attorneys for City of El Monte
18

19

20

21

22

23

24

25

26

27

28

## REQUEST FOR JUDICIAL NOTICE

The City of El Monte (the "City") requests that the Court take judicial notice of the following:

1.      On or about January 26, 2023, the Court entered the Order Denying the Debtor's Turnover Motion (doc. no. 45), and the separate Order Granting the City's RFS Motion (doc. no. 46), thereby excusing turnover of the Gidley Property.  Attached hereto, marked as Exhibit "1," and incorporated herein by this reference is a true and correct copy of the Order Granting the City's RFS Motion.

2.      Attached hereto, marked as Exhibit "2," and incorporated herein by this reference is a true and correct copy of the Court's tentative ruling issued by the Court with respect to the January 24, 2023 hearing on the Debtor's motion for turnover and the City's RFS Motion.

DATED:  March 2, 2023                    DANNING, GILL, ISRAEL & KRASNOFF, LLP


                                         By:      */s/ Danielle R. Gabai*
                                                  DANIELLE R. GABAI
                                                  Attorneys for City of El Monte

## DECLARATION OF RYAN BAKER

I, Ryan Baker, declare:

1.      I am over eighteen years of age and have personal knowledge of the facts set forth below.  If called upon to testify as to the matters set forth herein, I could and would competently testify thereto as these matters are personally known to me to be true.  As to matters stated based on information and belief, I would competently testify as to those matters as I believe them to be true.

2.      On May 9, 2022, the Los Angeles Superior Court (the "Superior Court") appointed me, as Receiver, to take possession, custody, and control of the personal and real property located at 9860, 9866, 9680, and 9874 Gidley Street, El Monte, California 91731 (the "Property"), subject to my filing a Receiver's Oath and Bond which has since been accomplished (the "Receivership Estate").  The style of the Los Angeles Superior Court action in which I was appointed is City of El Monte v. Crown Estate Holding LLC, et al., Los Angeles Superior Court Case No. 21STCV26110 (the "Receivership Action").  Debtor Crown Estate Holding, LLC ("Debtor") is a named defendant in that action.

3.      The Superior Court subsequently confirmed my appointment in its Order Granting Plaintiff's Application to Confirm Receiver Ryan Baker and Issue a Preliminary Injunction (the "Confirmation Order").  See Exhibit "A" to Baker Decl. In Support of City's RFS Motion (doc. no. 15) at p. 2, ¶¶ 1-2.

4.      In furtherance of the Superior Court's instructions in the Receivership Action to market and sell the Property, I engaged real estate broker Jones Lang LaSalle ("JLL").  JLL immediately engaged in a robust marketing effort, with tours of the Property for prospective bidders.  A call for offers was made with a bid deadline of October 7, 2022.

5.      The marketing and sales efforts of the Receiver and JLL resulted in more than 8,000 prospect targets, 3,261 listing service views, more than 200 prospect conversations, 237 website registrations, and 17 unique tours.  These marketing and sales efforts resulted in the Receiver obtaining eight bidders on the Property.

6.      On November 30, 2022, I entered into a purchase and sale agreement with Hersel Saeidy to purchase the Property for $17 million ("Saeidy Agreement").  The terms of the Saeidy

Agreement are the Property is to be sold "AS-IS," "WHERE-IS," with absolutely no representations or warranties, with no contingency period, and the non-refundable deposit was set at $2 million.  The $2 million non-refundable deposit was received from Mr. Saeidy on December 2, 2022.

7.    Shortly after receiving the non-refundable deposit from Mr. Saeidy, I directed JLL to proceed with the overbid process contemplated by the State Court.  The Property was re-marketed to the public, and all parties that had submitted an offer were re-contacted and asked if they would like to make an overbid offer.  This remarketing process began on December 7, 2022, and all overbid offers were required to be received by 5:00 p.m. on December 29, 2022.  In addition to the foregoing, the dedicated website I caused to be created to market the Property for sale, www.gidely-industrial.com, was updated to reflect the overbid guidelines.

8.    No additional offers were received during the remarketing period and Mr. Saeidy was the prevailing buyer.

9.    On January 5, 2023, my counsel in the Receivership Action filed my Ex Parte Application to approve the Saeidy Agreement and allow the sale of the Property.  The application was filed at 3:14 p.m.  On January 2023, at 5:42 p.m., Debtor filed its voluntary petition for relief under chapter 11 of Title 11 of the United States Code; as a result, the State Court took the Ex Parte Application off calendar after being advised of the bankruptcy case.

10.    Immediately following this Court's entry of the City of El Monte's Motion for (1) Relief from the Automatic Stay Under 11 U.S.C. § 362, and (2) Relief from Turnover Under 11 U.S.C. § 543 by Prepetition or Other Custodian, I caused my counsel to make application to the Superior Court to approve the Saeidy Agreement and the sale of the Property.

11.    On January 31, 2023, the Superior Court entered its Order Granting the Court-Appointed Receiver's Ex Parte Application to Approve the Hersel Saeidy Purchase and Sale Agreement and to Find Compliance with the Contemplated Court-Ordered "Stalking Horse" Bid and Overbid Procedure ("Approval Order"), a true and correct of which is attached here as Exhibit "3."

12.    On February 22, 2023, my counsel forwarded correspondence from counsel for IRP 3B wherein IRP made demand for amounts purportedly due under the terms of the financing arrangement with Debtor ("IRP 3B Payoff Demand").  A true and correct copy of the IRP 3B Payoff Demand is attached here as Exhibit "4."

13.    The closing of the sale occurred on March 2, 2023.  A true and correct copy of the closing statement prepared by Orange County Title Company is attached here as Exhibit "5."

14.    Following the closing of the sale, I will now review claims of creditors of the Debtor's estate.  If necessary or appropriate, I will object to claims or attempt to settle claims.  I will ultimately make distributions to creditors holding allowed claims according to their priorities under California law and pursuant to a court order of the Superior Court.

I declare under penalty of perjury under the laws of the United States of America that the foregoing is true and correct and that this Declaration is executed on March 2, 2023, in Irvine, California.

RYAN BAKER

# EXHIBIT 1

| Attorney or Party Name, Address, Telephone & FAX Nos., State Bar No. & Email Address | FOR COURT USE ONLY |
|---|---|
| ZEV SHECHTMAN (State Bar No. 266280)<br>*zs@DanningGill.com*<br>MICHAEL G. D'ALBA (State Bar No. 264403)<br>*mdalba@DanningGill.com*<br>DANNING, GILL, ISRAEL & KRASNOFF, LLP<br>1901 Avenue of the Stars, Suite 450<br>Los Angeles, California 90067-6006<br>Telephone: (310) 277-0077<br>Facsimile: (310) 277-5735<br><br>☐ *Individual appearing without attorney*<br>☒ *Attorney for Movant,* City of El Monte | **FILED & ENTERED**<br><br>**JAN 26 2023**<br><br>**CLERK U.S. BANKRUPTCY COURT**<br>**Central District of California**<br>**BY** evangeli  **DEPUTY CLERK**<br><br>**CHANGES MADE BY COURT** |

**UNITED STATES BANKRUPTCY COURT**
**CENTRAL DISTRICT OF CALIFORNIA –*LOS ANGELES* DIVISION**

| In re:<br><br>    CROWN ESTATES HOLDINGS, LLC | CASE NO.: 2:23-bk-10058-BB<br><br>CHAPTER: 11 |
|---|---|
| | **ORDER GRANTING MOTION FOR**<br><br>**(1) RELIEF FROM THE AUTOMATIC STAY UNDER 11 U.S.C. § 362, AND**<br><br>**(2) RELIEF FROM TURNOVER UNDER 11 U.S.C. § 543 BY PREPETITION RECEIVER OR OTHER CUSTODIAN** |
| <br><br><br><br>                                                    Debtor(s). | DATE:    January 24, 2023<br>TIME:    10:00 a.m.<br>COURTROOM: By Zoom Video or in person at<br>PLACE:        Courtroom 1539<br>                   255 E. Temple St.<br>                   Los Angeles, CA 90012 |

| **Movant/Lender** (*name*):    City of El Monte |
|---|

1.  The Motion was:        ☒ Opposed        ☐ Unopposed        ☐ Settled by stipulation

2.  The Motion affects the following real property (Property):

    *Street Address:*        9860, 9866, 9680, and 9874 Gidley Street
    *Unit Number:*
    *City, State, Zip Code:*    El Monte, California 91731

    Legal description or document recording number (*including county of recording*):

---

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                      Page 1                                      **F 4001-1.RFS.CUST.ORDER**
1705109.1  27129                                                                                                    15

LOT 3: GIDLEY PIERSON TRACT LOT COM AT MOST N COR OF LOT 3:

CENSUS TRACT #4323.00 IN THE CITY OF EL MONTE, COUNTY OF LOS

ANGELES, AS PER MAP RECORDED IN BOOK 21, PAGE 64 OF MAPS, IN

THE OFFICE OF THE COUNTY RECORDER OF SAID COUNTY.

☐ See attached page.

3.  The Motion is granted under:  ☒ 11 U.S.C. § 362(d)(1)    ☐ 11 U.S.C. § 362(d)(2)    ☐ 11 U.S.C. § 362(d)(3)

4.  As to Movant, its successors, transferees and assigns (Movant), the stay of 11 U.S.C. § 362(a) is:

a.  ☐ Terminated as to Debtor and Debtor's bankruptcy estate.

b.  ☐ Annulled retroactively to the date of the bankruptcy petition filing.

c.  ☒ Modified or conditioned as set forth in Exhibit 1 to this order.

**Relief from stay to foreclose:**

5.  ☐ Movant may enforce its remedies to foreclose upon and obtain possession of the Property in accordance with applicable non-bankruptcy law, but may not pursue any deficiency claim against the Debtor or property of the estate except by filing a Proof of Claim pursuant to 11 U.S.C. § 501.

6.  ☐ Movant shall not conduct a foreclosure sale before the following date: _____.

**Annulment, modification, and/or relief from stay regarding custodianship proceedings:**

7.  ☒ **Turnover excused; stay annulled**:  Pursuant to 11 U.S.C. § 543(b)(1), the Movant and the Custodian (and their agents) are excused from the requirement for immediate turnover of the Property.  The stay is annulled to allow all issues regarding the custodianship to be determined by the Custodian's Appointing Court as if this bankruptcy case had not been commenced.

8.  ☐ **Turnover required; stay modified to allow Appointing Court to complete custodianship proceedings:**
    Pursuant to 11 U.S.C. § 543 (b)(2), Movant and Custodian (and their agents) are required to turnover any property of the Debtor, held by the Custodian as of the commencement of the bankruptcy case, to the debtor in possession or to the appointed trustee within _____ days of the entry of this order.  The stay is modified to permit the following proceedings before the Appointing Court:

    a.  The Custodian is excused from filing with the bankruptcy court an accounting and request for approval of compensation under 11 U.S.C. § § 543(b)(2) and (c)(2), and is authorized to file with the Appointing Court a final report and account and request for order approving compensation and reimbursement of costs and expenses in accordance with non-bankruptcy law.

    b.  The Appointing Court may hear and determine all issues related to the appropriateness of the accounting and amounts of compensation requested, including any postpetition period prior to the entry of this order, and may authorize payment out of any funds in the possession of the Custodian that have not been required to be turned over to the Debtor or bankruptcy trustee.

    c.  The Appointing Court may proceed as allowed by non-bankruptcy law to terminate the custodianship and exonerate any bond or undertaking as may be appropriate.

    d.  The Custodian is authorized to file an appropriate motion in the bankruptcy court pursuant to 11 U.S.C. § 543(c)(2) to seek an order from this court approving payment of compensation and reimbursement approved by the appointing court from funds that have been turned over to the Debtor or bankruptcy trustee.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

_December 2013_                                        Page 2                                **F 4001-1.RFS.CUST.ORDER**
1705109.1  27129                                                                                                        16

9. ☐ **Turnover required; all further custodian proceedings to be before the Bankruptcy Court:** Pursuant to 11 U.S.C. § 543(b)(2), Movant and Custodian (and their agents) are required to turnover any property of the Debtor, held by the Custodian as of the commencement of the bankruptcy case, to the debtor in possession or to the appointed trustee within _____ days of the entry of this order.  The Custodian is further ordered to file in the court and serve on Movant, the Debtor, and any trustee appointed in the bankruptcy case by (*specify date*): _____.

a. An accounting of any property of the Debtor or proceeds thereof that has been received by the Custodian.

b. A conformed copy of the appointing order.

c. A motion for payment of compensation for services rendered and costs and expenses incurred by such Custodian.

10. ☐ **Adequate protection required:**  The stay shall remain in effect subject to the terms and conditions set forth in the Adequate Protection Attachment to this order.

11. ☐ In chapter 13 cases, the trustee shall not make any further payments on account of Movant's secured claim after entry of this order.  The secured portion of Movant's claim is deemed withdrawn upon entry of this order without prejudice to Movant's right to file an amended unsecured claim for any deficiency.  Absent a stipulation or order to the contrary, Movant shall return to the trustee any payments received from the trustee on account of Movant's secured claim after entry of this order.

12. **Scope of relief:**  This court further orders as follows:

a. ☐ This order shall be binding and effective despite any conversion of this bankruptcy case to a case under any other chapter of Title 11 of the Bankruptcy Code.

b. ☒ The 14-day stay provided by FRBP 4001(a)(3) is waived.

c. ☒ See attached continuation page for additional provisions.   See Exhibit 1 attached hereto

###

Date: January 26, 2023

Sheri Bluebond
United States Bankruptcy Judge

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                          Page 3                                  **F 4001-1.RFS.CUST.ORDER**
1705109.1  27129                                                                                                              17

**EXHIBIT "1"**

The automatic stay is lifted to permit the Receiver confirmed in Los Angeles Superior Court case no. 21STCV26110 to sell the Property subject to the approval of the Los Angeles Superior Court.  The proceeds remaining after payment of liens, all ordinary closing costs, taxes, and brokers' commissions (the "Net Sale Proceeds") shall be subject to the jurisdiction of the Bankruptcy Court.  The Receiver shall hold the Net Sale Proceeds in trust in the account of the Receiver pending further order of the Bankruptcy Court.   The relief granted herein is without prejudice to any other relief to be sought by parties in interest including, but not limited to, dismissal of this bankruptcy case.

This form is mandatory.  It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*December 2013*                                    Page 4                          **F 4001-1.RFS.CUST.ORDER**
1705109.1  27129                                                                                          18

# EXHIBIT 2

# United States Bankruptcy Court
## Central District of California
### Los Angeles
### Sheri  Bluebond, Presiding
### Courtroom 1539 Calendar

**Tuesday, January 24, 2023**                                    **Hearing Room        1539**

**10:00 AM**
**2:23-10058     Crown Estates Holding, LLC**                                    **Chapter 11**

**#1.00**      Motion for Turnover of Property by custodian Pursuant to 11 U.S.C. §543

**[OST]**

Docket        8

**Courtroom Deputy:**

- NONE LISTED -

**Tentative Ruling:**

Court is not prepared to conclude that case was filed in bad faith (particularly in light of the pending foreclosure that would have prevented the receiver from consummating a sale of the property) or that no reorganization is possible; however, on these facts, it is clear that the debtor should not be permitted to regain possession of the property, lest illegal activities and danger to the public resume.  Motion seeks turnover of books and records, but are there any?  Hooper apparently represented that there are no financials.  Deny motion to compel turnover and grant motion relieving custodian of obligation to turnover possession.  Clarify as between the parties who has authority to market the property.

Another possible approach that would eliminate confusion as to which party has duty or responsibility to take what actions would be to grant turnover motion, but to appoint a trustee sua sponte to take possession in lieu of custodian or debtor, but would a trustee want this potentially contaminated property that has no money in the bank and has already had to borrow money to purchase insurance?   Is there any equity in the property?

| Party Information |
| --- |

**Debtor(s):**

    Crown Estates Holding, LLC                    Represented By
                                                                    Onyinye N Anyama

**Movant(s):**

    Crown Estates Holding, LLC                    Represented By

**United States Bankruptcy Court**
**Central District of California**
Los Angeles
**Sheri  Bluebond, Presiding**
**Courtroom 1539 Calendar**

**Tuesday, January 24, 2023**                                                      **Hearing Room    1539**

10:00 AM
**CONT...        Crown Estates Holding, LLC**                                              **Chapter 11**

Onyinye N Anyama

# EXHIBIT 3

1  | BUCHALTER, A Professional Corporation
2  | OREN BITAN (SBN:  251056)
   | JOHN C. CLOUGH (SBN:  320029)
3  | 1000 Wilshire Boulevard, Suite 1500
   | Los Angeles, CA  90017-2457
   | Telephone:  (213) 891-0700 / Facsimile:  (213) 896-0400
4  | Email:  obitan@buchalter.com | jclough@buchalter.com

5  | Attorneys for the Court-Appointed Receiver
   | RYAN C. BAKER

**FILED**
Superior Court of California
County of Los Angeles

**01/31/2023**

David W. Slayton, Executive Officer / Clerk of Court

By: _____ Deputy
M. Mort

**SUPERIOR COURT OF CALIFORNIA**

**COUNTY OF LOS ANGELES – STANLEY MOSK COURTHOUSE**

CITY OF EL MONTE, a California municipal corporation,

        Plaintiff,

        vs.

CROWN ESTATE HOLDING, LLC, a California limited liability company, and JAY HOOPER, an individual, THOMAS SIMENTAL, an individual, CHRISTINA M. DIAZ, an individual, IAM WOODWORTH, an individual, IRP FUND II, 8B, LLC, a Delaware limited liability company, PRESTO PROPERTIES, LLC, a Wyoming limited liability company, KOTAI INVESTMENT, INC., a California corporation, and DOES 1 through 50 inclusive,

        Defendants.

_____

AND RELATED CROSS-COMPLAINTS

CASE NO. 21STCV26110

Assigned to the Hon. Curtis A. Kin - Dept. 72

[~~AMENDED PROPOSED~~] **ORDER GRANTING COURT-APPOINTED RECEIVER'S *EX PARTE* APPLICATION TO APPROVE THE HERSEL SAEIDY PURCHASE AND SALE AGREEMENT AND FIND THAT THE RECEIVER IS IN COMPLIANCE WITH THE CONTEMPLATED COURT-ORDERED "STALKING HORSE" BID AND OVERBID PROCEDURE**

***Ex Parte* Hearing:**
Date:    January 30, 2023
Time:    8:30 a.m.
Dept.:    72

[*Filed concurrently with the Ex Parte Notice and Ex Parte Application, Declarations of Ryan C. Baker and John C. Clough and Request for Judicial Notice*]

Complaint Filed:  July 15, 2021
Trial Date:    December 3, 2023

This matter was presented to the Court on the Court-Appointed Receiver Ryan C. Baker's *Ex Parte* Application to Approve the Hersel Saeidy Purchase and Sale Agreement and Find that the Receiver is in Compliance with the Contemplated Court-Ordered "Stalking Horse" Bid and

[~~AMENDED PROPOSED~~] ORDER APPROVING GRANTING COURT-APPOINTED RECEIVER'S
*EX PARTE* APPLICATION TO APPROVE SALE OF RECEIVERSHIP PROPERTY

23

Electronically Received 01/30/2023 05:26 PM

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

Overbid Procedure ("<u>Application</u>") on January 20, 2023, at 8:30 a.m. in Department 72 of the above-captioned Court, located at 111 North Hill Street, Los Angeles, CA 90012.

The Court-Appointed Receiver Ryan C. Baker ("<u>Receiver</u>") appeared by his counsel, John C. Clough of Buchalter, a Professional Corporation. Other appearances are reflected in the record of the proceedings. Opposition, if any, is likewise reflected in the record of the proceedings.

Upon the Application, the declarations in support thereof and the pleadings and documents filed in this action, the Opposition, if any, and the statements and arguments of counsel, and good cause appearing therefor, it is hereby ordered as follows:

1.      The Receiver is authorized and instructed to sell, transfer, and convey to Hersel Saeidy, or his assigns, ("Buyer") the real property identified as Assessor's Parcel Number 8577-005-001, 8577-005-002, 8577-005-003, and 8577-005-004, and as more commonly referred to as 9860, 9866, 9680, and 9877 Gidley Street, El Monte California 91731 (the "<u>Property</u>"), on the terms set forth in the Purchase and Sale Agreement, dated November 30, 2022, between the Receiver, on the one hand, and Buyer, on the other hand (the "<u>Saeidy Agreement</u>").

2.      The purchase price of the Property is $17,000,000, to be paid in cash pursuant to the terms of the Saeidy Agreement.

3.      The Court hereby (i) approves (a) the execution, delivery and performance by the Receiver and Defendants of the Saeidy Agreement, (b) the sale of the Property to Buyer on the terms set forth in the Saeidy Agreement and free and clear of any and all any security interests, liens, claims, hypothecations or other encumbrances, in each case whether arising by contract or by operation of law (collectively, the "<u>Liens</u>"), and (c) the performance by Receiver and the Defendants of their respective obligations under the Saeidy Agreement, and (ii) finds that Buyer is a bona fide purchaser of the Property and entitled to the protections of California *Code of Civil Procedure* section 764.060.

4.      In accordance with California *Code of Civil Procedure* section 701.680(d), the Buyer shall not be deemed, as a result of any action taken in connection with the Saeidy Agreement, to: (1) be a successor to, or mere continuation of, any of the Receiver or Defendants

2

**[AMENDED PROPOSED]** ORDER APPROVING GRANTING COURT-APPOINTED RECEIVER'S
*EX PARTE* APPLICATION TO APPROVE SALE OF RECEIVERSHIP PROPERTY

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

74818476v1

24

or (2) have, de facto or otherwise, merged or consolidated with or into any of the Defendants. The Buyer is not acquiring or assuming any claim or liability against the Defendants, except as expressly set forth in the Saeidy Agreement.

5.      Through the extensive marketing efforts and evaluation discussed in the Application, the Receiver has maximized the value of the Property for the benefit of the receivership estate. The consideration provided by the Buyer for the Property under the Saeidy Agreement is the highest and best purchase offer for the Property, is fair and reasonable under the facts and circumstances of this case, and in the best interest of the receivership estate.

6.      The Receiver shall receive and hold the net proceeds from the sale of the Property pursuant to the Order granting plaintiff City of El Monte's Motion for (1) Relief from the Automatic Stay Under 11 U.S.C. § 362, and (2) Relief from Turnover Under 11 U.S.C. § 543 by Prepetition Receiver or Other Custodian in the United States Bankruptcy Court for the Central District of California styled *In re Crown Estate Holding, LLC*, U.S. Bankr. C.D. Cal. Case No. 2:23-bk-10058, and any further orders of this Court. All Liens asserted against the Property shall transfer and attach to the proceeds of the sale with the same validity, priority and extent in such proceeds as existed immediately prior to the sale. The secured lien holders shall submit to escrow payoff demands. Any amounts or line items objected to by the Receiver shall be set aside and held in escrow to be adjudicated by a Court at a later date.

7.      The provisions of this Order authorizing and approving the transfer of the Property free and clear of Liens shall be self-executing, and none of the Receiver, the Defendants or the Buyer shall be required to execute or file releases, termination statements, assignments, consents, or other instruments in order to effectuate, consummate and implement the provisions of this Order. On and after the Closing Date, and without limiting the foregoing, the Buyer may, but shall not be required to, file a copy of this Order in any filing or recording office to further evidence the release of the Liens from the Property (but not the proceeds thereof), subject to the provisions of paragraph 6 herein.

8.      All objections to the sale and the sale process, if any, have been considered by the

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**[AMENDED PROPOSED] ORDER APPROVING GRANTING COURT-APPOINTED RECEIVER'S
*EX PARTE* APPLICATION TO APPROVE SALE OF RECEIVERSHIP PROPERTY**

74818476v1

25

1

Court and are overruled.

2

9.      Pursuant to the provisions of California *Code of Civil Procedure* section

3

701.680(a), the sale is absolute and shall not be set aside for any reason.

4

10.    This Order is effective upon it being signed by the undersigned and filed in this

5

action.

6

11.    Jurisdiction over this matter is expressly retained by this Court and the Receiver is

7

authorized to seek *ex parte* relief if necessary from this Court respecting any aspect of this matter.

8

**IT IS SO ORDERED.**

9

10

DATED: _____, 2023

11

_____

HONORABLE CURTIS A. KIN
JUDGE OF THE SUPERIOR COURT

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

27

28

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

**[AMENDED PROPOSED] ORDER APPROVING GRANTING COURT-APPOINTED RECEIVER'S**
*EX PARTE* **APPLICATION TO APPROVE SALE OF RECEIVERSHIP PROPERTY**

74818476v1

**PROOF OF SERVICE**
*City of El Monte v. Crown Estate Holding, LLC, et al.*
Case No. 21STCV26110

I am employed in the County of Los Angeles, State of California.  I am over the age of 18 and not a party to the within action.  My business address is at BUCHALTER, A Professional Corporation, 1000 Wilshire Boulevard, Suite 1500, Los Angeles, CA  90017-2457.

On the date set forth below, I served the foregoing document described as:

**[AMENDED PROPOSED] ORDER GRANTING COURT-APPOINTED
RECEIVER'S EX PARTE APPLICATION TO APPROVE THE HERSEL SAEIDY
PURCHASE AND SALE AGREEMENT AND FIND THAT THE RECEIVER IS IN
COMPLIANCE WITH THE CONTEMPLATED COURT-ORDERED "STALKING
HORSE" BID AND OVERBID PROCEDURE**

on all other parties and/or their attorney(s) of record to this action as follows:

**SEE SERVICE LIST ATTACHED**

☑       **BY EMAIL**  On **January 30, 2023,** I caused the above-referenced document(s) to be sent in electronic PDF format as an attachment to an email addressed to the person(s) on whom such document(s) is/are to be served at the email address(es) shown above, as last given by that person(s) or as obtained from an internet website(s) relating to such person(s), and I did not receive an email response upon sending such email indicating that such email was not delivered.

I declare under penalty of perjury under the laws of the State of California that the foregoing is true and correct to the best of my knowledge.

Executed on **January 30, 2023**, at Los Angeles, California.

_____          _____
        Cristina Foley                                     */s/ Cristina Foley*
                                                        (Signature)

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

## SERVICE LIST

*City of El Monte v. Crown Estate Holding, LLC, et al.*
Case No. 21STCV26110

| | |
|---|---|
| ENSO LAW, L.L.P.<br>David R. Welch<br>Marcus G. Whittemore<br>500 South Grand Avenue,<br>18th Floor<br>Los Angeles CA 90071 | *Attorney for Plaintiff and Cross-Defendant City of El Monte*<br><br>Phone: (213) 596-9008<br>Fax: (213) 536-4589<br>Email: litigation@enso.law |
| OLIVAREZ MADRUGA LAW ORGANIZATION,<br>LLP<br>Lloyd Pilchen<br>500 South Grand Avenue,<br>Suite 1200<br>Los Angeles, CA 90071 | *Attorney for Plaintiff and Cross-Defendant City of El Monte*<br><br>Phone: (213) 744-0099<br>Fax: (213) 744-0093<br>Email: lpilchen@omlolaw.com |
| LAW OFFICES OF JAMES C. MACDONALD<br>James C. Macdonald<br>2030 Main Street, Suite 660<br>Irvine, California 92614 | *Attorney for Defendants and Cross-Complainant Crown Estate Holding, LLC and Jay Hooper*<br><br>Telephone: (949) 660-0011<br>Facsimile: (949) 408-1743<br>E-mail: jcm@jcmacdonald.com |
| Timothy M. Ryan<br>Andrew J. Mase<br>The Ryan Firm, A Professional Corporation<br>2603 Main St, Suite 1225<br>Irvine, CA 92614 | *Defendant IRP Fund II 8B LLC*<br><br>Tel: 949.263.1800<br>Fax: 949.872.2211<br>tryan@theryanfirm.com<br>amase@theryanfirm.com<br>admin@theryanfirm.com |
| Helen W. Quan<br>Attorney at Law<br>333 W. Garvey Avenue, #B-911<br>Monterey Park, CA 91754 | *Defendant Kotai Investment, Inc.*<br>helen@hwqlaw.com<br>Tel: 616.571.2006<br>Fax: 616.329.4475 |

BUCHALTER
A PROFESSIONAL CORPORATION
LOS ANGELES

# EXHIBIT 4

# THE RYAN FIRM
## A Professional Corporation

| California Office | | Nevada Office |
|---|---|---|
| 2603 Main St, Suite 1225 | | 885 Tahoe Blvd, Suite A2 |
| Irvine, CA 92614 | | Incline Village, NV 89451 |

Timothy M. Ryan
Michael W. Stoltzman, Jr.*
Andrew J. Mase*
Rosty G. Gore
Katherine K. Meleski
Steven L. Rader
Chris S. Pacetti

Telephone (949) 263-1800
Facsimile (949) 872-2211
http://www.theryanfirm.com

February 22, 2023

**SENT VIA EMAIL**

John C. Clough
Buchalter
1000 Wilshire Blvd. Suite 1500
Los Angeles, CA 90017

Annette Soto
Steve Fernando
1551 N. Tustin Avenue, Suite 300
Santa Ana, CA 92705

> **Re:** **Case Name:** *City of El Monte v. Crown Estate Holdings, LLC, et al.*
> Case Number: 21STCV26110
> Our File Number: 9371-0003

To Whom it May Concern,

As you know, our office represents IRP Fund Trust 1B, LLC ("IRP 1B").

We are in receipt of Court-appointed receiver Ryan Baker's, demand for a payoff demand statement, pursuant to California Civil Code section 2943, in relation to the loan owned by our client and secured by the real property located at 9860, 9866, 9870, and 9874 Gidley Street, El Monte, CA 91731 (the "Property").

Without addressing or conceding the applicability of Civil Code section 2943, our office hereby provides the enclosed information, on behalf of our client, which reflects the total amount due and owing under the terms of the collective loan agreement(s), which are secured by the Property:

*Also licensed to practice in the State of Nevada

**THE RYAN FIRM**

February 22, 2023
Page 2

| Category | Amount |
|---|---|
| Principal: | $11,866,641.45 |
| Base Interest: | $911,877.56 |
| Default Interest: | $1,291,656.76 |
| Late Fees: | $113,166.73 |
| Contractual Exit Fee: | $126,000.00 |
| Contractual Servicer Fees: | $4,500.00 |
| Contractual Attorneys' Fees: | $25,000.00 |
| | |
| SUB-TOTAL | $14,338,842.50 |
| | |
| LESS Insurance Reserves | $14,400.00 |
| LESS Additional Reserves | $95,544.69 |
| | |
| SUB-TOTAL | $109,944.69 |
| | |
| **TOTAL** | **$14,228,897.81** |

Please be advised that these figures are good through the currently-scheduled closing date of February 22, 2023. In the event the sale of the Property does not close by February 22, 2023, please contact us for an update payoff amount prior to closing escrow.

Our client and our office are presenting this payoff quote in accordance with Paragraph 6 of the "ORDER GRANTING COURT-APPOINTED RECEIVER'S EX PARTE APPLICATION TO APPROVE THE HERSEL SAEIDY PURCHASE AND SALE AGREEMENT AND FIND THAT THE RECEIVER IS IN COMPLIANCE WITH THE CONTEMPLATED COURT-ORDERED 'STALKING HORSE' BID AND OVERBID PROCEDURE" and reserves all rights thereunder, including, but not limited to, its priority distribution of the proceeds from the sale, and continuing priority in the net proceeds after the sale as to any disputed line item to be paid through the sale. To that end, our client reserves its right to seek the recovery of additional amounts from escrow should the amount due and owing increase following the current closing date of February 22, 2023, including, but not limited to, to account for additional litigation-related fees and costs.

Due to our client's senior priority status, no distributions may be made to any junior interest-holders until our client's lien is fully satisfied.

**THE RYAN FIRM**

February 22, 2023
Page 3


      Please contact our office if you have any questions.  Thanks.

               Very truly yours,

               **THE RYAN FIRM**
               A Professional Corporation


               TIMOTHY M. RYAN
               tryan@theryanfirm.com

TMR:rvc

# EXHIBIT 5



# Orange Coast
# Title Company
**1551 N. Tustin Avenue, Suite 840**
**Santa Ana, CA 92705**
**Phone: 714-822-3211**

American Land Title Association

ESTIMATED ALTA Settlement Statement - Combined

| | |
|---|---|
| Escrow No.: | 2329570A - MAQ |
| Print Date & Time: | 3/1/23 11:32 AM |
| Escrow Officer: | Martha Quirino |
| Settlement Location: | 2461 W. LA PALMA AVENUE #120 ANAHEIM, CA 92801 |

Closing Date: 3/2/2023
Loan Number: CASH

Property Address:    9860, 9866, 9680, and 9874 Gidley Street, El Monte, CA 91731
Buyer: EL MONTE 2022 LLC, a California limited liability company
Seller: Ryan C. Baker, as receiver of 9860, 9866, 9680, and 9874 Gidley Street, El Monte, CA 91731, with assessor's parcel numbers 8577-005-001, 8577-005-002, 8577-005-003, and 8577-005-004, disclosed by a Superior Court of California, County
Lender:          CASH

Settlement Date:    3/2/2023
Disbursement Date:  3/3/2023
Revised Date:       3/1/2023

| SELLER | | | BUYER | |
|---|---|---|---|---|
| DEBITS | CREDITS | | DEBITS | CREDITS |
| | $17,000,000.00 | **TOTAL CONSIDERATION** | $17,000,000.00 | |
| | | **Deposits** | | |
| | | Additional Deposit | | $1,000,000.00 |
| | | Additional Deposit | | $1,000,000.00 |
| | | Additional Deposit | | $15,005,510.76 |
| | | **Prorations** | | |
| | $32,055.29 | County Tax 8577-005-001 @ $48,486.99 for 6 Months  From 3/2/2023 To 7/1/2023 | $32,055.29 | |
| | $4,313.88 | County Tax 8577-005-002 @ $6,525.19 for 6 Months From 3/2/2023 To 7/1/2023 | $4,313.88 | |
| | $2,819.16 | County Tax 8577-005-003 @ $4,264.28 for 6 Months From 3/2/2023 To 7/1/2023 | $2,819.16 | |
| | $6,030.71 | County Tax 8577-005-004 @ $9,122.08 for 6 Months From 3/2/2023 To 7/1/2023 | $6,030.71 | |
| $41,862.00 | | Deposits/Security Deposits | | $41,862.00 |
| | | **Commissions** | | |
| $255,000.00 | | JONES LANG LA SALLE | | |
| $85,000.00 | | CUSHMAN & WAKEFIELD U.S., INC. | | |
| | | **Title Charges - Orange Coast Title Company**  [Total Title Charges: $94,637.52] | | |

Escrow #: 2329570A

| SELLER | | | BUYER | |
|---|---|---|---|---|
| DEBITS | CREDITS | | DEBITS | CREDITS |
| $11,255.00 | | Title - Owners Policy CLTA For $17,000,000.00 | | |
| | | Title - Owners Policy (Extended *PC) | $2,814.00 | |
| | | Title - Rcd Svc Fee | $25.00 | |
| $2,500.00 | | Title - UW Excess Risk Fee | | |
| | | Title - Work Charge | $1,250.00 | |
| $300.00 | | Title - Additional Parcel x3 | | |
| | | Title - Inspection Fee | $150.00 | |
| | | Title - Additional Work *PC | $500.00 | |
| $18,700.00 | | County Transfer Tax | | |
| $48,486.98 | | 2022-23 2nd Half Taxes | | |
| $6,525.19 | | 2022-23 2nd Half Taxes | | |
| $4,264.28 | | 2022-23 2nd Half Taxes | | |
| $9,122.07 | | 2022-23 2nd Half Taxes | | |
| | | **Recording Charges** | | |
| | | **[Total Recording Charges: $565.00]** | | |
| $225.00 | | SB2 *PC | | |
| | | Quitclaim Deed | $50.00 | |
| $70.00 | | Appointment Order | | |
| $70.00 | | Sale Order | | |
| $150.00 | | SubRecon x3 *PC | | |
| | | **Escrow Charges - ORANGE COAST TITLE COMPANY** | | |
| | | **[Total Escrow Charges: $15,745.00]** | | |
| $7,500.00 | | Escrow Fee | $7,500.00 | |
| $25.00 | | Audit Fee | $25.00 | |
| $500.00 | | Work Charge (receiver/ent) | $50.00 | |
| $45.00 | | 593 Processing Fee | | |
| $100.00 | | Demand Fee | | |
| | | **Expenses For Outside Services** | | |
| | | **[Total Expenses For Outside Services: $100.00]** | | |
| $80.00 | | Overnight Delivery Fee | | |
| $20.00 | | Wire Fee | | |
| | | **Loan Payoff** | | |
| $11,866,641.45 | | **Loan Payoff to: IRP Fund II Trust 1B** | | |
| | | **[Total Charges: $14,228,897.81]** | | |
| $911,877.56 | | Base Interest | | |
| $1,291,656.76 | | Default Interest to 2/22/ | | |
| $113,166.73 | | Late Fees | | |
| $126,000.00 | | Exit Fee | | |
| $4,500.00 | | Servicer Fees | | |
| $25,000.00 | | Attorneys' Fees | | |
| | $14,400.00 | LESS Insurance Reserve | | |
| | $95,544.69 | LESS Additional Reserve | | |
| | | **Loan Payoff to: Mainstay Management, LLC** | | |
| | | **[Total Charges: $1,677,407.39]** | | |
| $400,504.14 | | Non-Default Principal 1/5 | | |
| $957,185.46 | | Def Principal to 1/1 | | |
| $47,859.29 | | Late Charge Balance | | |
| $144,000.00 | | Maturity Late Charge | | |

| | | | |
|---|---|---|---|
| $92,992.50 | Def Interest | | |
| $34,750.00 | Atty Fees and Costs | | |
| $16.00 | Recording Fee | | |
| $100.00 | Reconveyance Fee | | |

**Additional Disbursements**

| | | | |
|---|---|---|---|
| $269.00 | NHD Report to: First American Natural Hazard Disclosure | | |
| $8,600.00 | Brokerage Reimbursement: Survey to: JONES, LANG, LA SALLE | | |
| | Survey to: Survey *est | $5,000.00 | |
| | | | |
| $638,244.32 | **Approximate Net Proceeds** | | |
| | **Approximate Amount Due Escrow** | | $15,210.28 |
| | | | |
| $17,155,163.73   $17,155,163.73 | ***Totals*** | $17,062,583.04 | $17,062,583.04 |

**Acknowledgement**

We/I have carefully reviewed the ALTA Settlement Statement and find it to be true and accurate statement of all receipts and disbursements made on my account or by me in this transaction and further certify that I have received a copy of the ALTA Settlement Statement. We/I authorize ORANGE COAST TITLE COMPANY to cause the funds to be disbursed in accordance with this statement.

EL MONTE 2022 LLC, a California limited liability company

By:_____
    Hersel Sheidy, Manager

Ryan C. Baker, as receiver of 9860, 9866, 9680, and 9874 Gidley Street, El Monte, CA 91731, with assessor's parcel numbers 8577-005-001, 8577-005-002, 8577-005-003, and 8577-005-004, disclosed by a Superior Court of California, County of Los Angeles, Court Order Case No. 21STCV26110

By:_____
    Ryan C. Baker, court appointed receiver

_____

Martha Quirino
Settlement Agent

**DATE: 3/1/2023**
**ESCROW NO: 2329570A-MAQ**
**PROPERTY ADDRESS: 9860, 9866, 9680, and 9874  Gidley Street,El Monte, CA  91731**

## RENT STATEMENT

The following is a complete statement of rent on properties involved in the above numbered escrow:

| Unit No. | Tenant Name (Description) | Rental Amount | Date Rent Paid To | Seller Amount | Deposit Paid | Security Deposit |
|---|---|---|---|---|---|---|
| 1 | Rents | $0.00 | 3/1/2023 - 4/1/2023 | $0.00 | $41,862.00 | $0.00 |
| 1 | **TOTAL** | **$0.00** | | **$0.00** | **$41,862.00** | **$0.00** |

ALL PARTIES TO THIS ESCROW ACKNOWLEDGE AND AGREE TO THE FOLLOWING:

1. All rents are to be paid on a 30 day month;
2. If any rents become due prior the close of escrow, it shall be seller's sole responsibility to collect same as escrow shall prorate said rents on basis of same having been collected by seller;
3. It shall be seller's responsibility to IMMEDIATELY NOTIFY ESCROW HOLDER should there be any charge in rents, tenancy, or deposits. Unless notified to the contrary IN WRITING, escrow holder shall prorate rents and adjust deposits based on the information contained in the statement;
4. Seller is aware that "Prepaid Rent" refers to those rents paid in advance by tenant and held on deposit by seller. "Prepaid Rent" and "Prepaid Deposits" shall be credit to buyer's account and a charge to seller's at the close of escrow.

SELLERS:

_____          _____

BUYERS APPROVAL

_____          _____

# PROOF OF SERVICE OF DOCUMENT

I am over the age of 18 and not a party to this bankruptcy case or adversary proceeding. My business address is 1901 Avenue of the Stars, Suite 450, Los Angeles, CA 90067-6006.

A true and correct copy of the foregoing document entitled (*specify*):  **CITY OF EL MONTE'S AMENDED NOTICE OF MOTION AND AMENDED MOTION TO DISMISS CHAPTER 11 CASE PURSUANT TO 11 U.S.C. § 1112(b)(1); MEMORANDUM OF POINTS AND AUTHORITIES; REQUEST FOR JUDICIAL NOTICE AND DECLARATION OF RYAN BAKER IN SUPPORT THEREOF**  will be served or was served **(a)** on the judge in chambers in the form and manner required by LBR 5005-2(d); and **(b)** in the manner stated below:

**1. TO BE SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING (NEF)**:  Pursuant to controlling General Orders and LBR, the foregoing document will be served by the court via NEF and hyperlink to the document. On (*date*)  March 3, 2023  I checked the CM/ECF docket for this bankruptcy case or adversary proceeding and determined that the following persons are on the Electronic Mail Notice List to receive NEF transmission at the email addresses stated below:

☒ Service information continued on attached page.

**2.  SERVED BY UNITED STATES MAIL**:
On (*date*)  March 3, 2023 , I served the following persons and/or entities at the last known addresses in this bankruptcy case or adversary proceeding by placing a true and correct copy thereof in a sealed envelope in the United States mail, first class, postage prepaid, and addressed as follows. Listing the judge here constitutes a declaration that mailing to the judge will be completed no later than 24 hours after the document is filed.

☒ Service information continued on attached page.

**3. SERVED BY PERSONAL DELIVERY, OVERNIGHT MAIL, FACSIMILE TRANSMISSION OR EMAIL** (state method for each person or entity served): Pursuant to F.R.Civ.P. 5 and/or controlling LBR, on (*date*) _____, I served the following persons and/or entities by personal delivery, overnight mail service, or (for those who consented in writing to such service method), by facsimile transmission and/or email as follows. Listing the judge here constitutes a declaration that personal delivery on, or overnight mail to, the judge will be completed no later than 24 hours after the document is filed.

☐ Service information continued on attached page.

I declare under penalty of perjury under the laws of the United States that the foregoing is true and correct.

| | | |
|---|---|---|
| March 3, 2023 | Gloria Ramos | */s/ Gloria Ramos* |
| *Date* | *Printed Name* | *Signature* |

---

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                **F 9013-3.1.PROOF.SERVICE**

ADDITIONAL SERVICE INFORMATION (if needed):

## 1. SERVED BY THE COURT VIA NOTICE OF ELECTRONIC FILING ("NEF")

- **Onyinye N Anyama**   onyi@anyamalaw.com,
  anyamainfo@gmail.com;info_anyama@ecf.courtdrive.com;r44596@notify.bestcase.com

- **Michael G D'Alba**   mdalba@DanningGill.com,
  DanningGill@gmail.com;mdalba@ecf.inforuptcy.com

- **Eryk R Escobar**   eryk.r.escobar@usdoj.gov

- **Danielle R Gabai**   dgabai@danninggill.com, dgabai@ecf.courtdrive.com

- **Brian T Harvey**   bharvey@buchalter.com,
  IFS_filing@buchalter.com;dbodkin@buchalter.com

- **Timothy M Ryan**   tryan@theryanfirm.com, ecf@theryanfirm.com

- **Zev Shechtman**   zs@DanningGill.com,
  danninggill@gmail.com;zshechtman@ecf.inforuptcy.com

- **Michael W Stoltzman**   mstoltzman@theryanfirm.com, ecf@theryanfirm.com

- **United States Trustee (LA)**   ustpregion16.la.ecf@usdoj.gov

- **Alfred J Verdi**   verdilawgroup@live.com,
  al@verdilaw.com,g13639@notify.cincompass.com

## 2. SERVED BY U.S. MAIL

*Debtor*
Crown Estates Holding, LLC
9860 Gidley Street
El Monte, CA 91731-1110

*The Honorable Sheri Bluebond*
U.S. Bankruptcy Court
Roybal Federal Building
Suite 1534
255 E. Temple Street
Los Angeles, CA 90012

This form is mandatory. It has been approved for use by the United States Bankruptcy Court for the Central District of California.

*June 2012*                                                                 **F 9013-3.1.PROOF.SERVICE**